## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

CHARLES JOHNSON, et al.,

TONY BURNETT, et al.,

and                                                      Case No.: 3:13-cv-06529
                                                         Case No.: 3:13-cv-14207
CHARLES T. BURD, et al.,                                 Case No.: 3:13-cv-20976

      Plaintiffs,

v.

FORD MOTOR COMPANY,

      Defendant.

## MEMORANDUM OPINION and ORDER

Pending before the Court are two Motions to Seal filed by Plaintiffs. (ECF Nos. 375, 482).[1] Having reviewed the motions, the Court **GRANTS,** in part, and **DENIES,** in part, ECF No. 375, and **DENIES** ECF No. 482.[2] The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic

---

[1] The docket numbers referenced in this Order are taken from the lead case, *Johnson v. Ford Motor Company,* Case No.: 3:13-cv-06529. Corresponding motions to seal are found at ECF Nos. 299, 399 in *Burnett v. Ford Motor Company,* Case No.: 3:13-cv-14207, and ECF Nos. 262, 360 in *Burd v. Ford Motor Company,* Case No.: 3:13-cv-20976.

[2] These rulings also apply to the corresponding motions in the *Burnett* and *Burd* litigations.

alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302.

With respect to ECF No. 375, which seeks to seal documents designated as privileged by Ford Motor Company, the Clerk is **ORDERED** to seal ECF No. 375-1 and to unseal ECF Nos. 375 and 375-2. As to ECF No. 482, the Clerk is **ORDERED** to unseal ECF Nos. 482 and 482-1 as neither qualifies as confidential or privileged. The sealed documents shall be designated as sealed on the docket, which the Court deems to be sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing ECF No. 375-1 in its entirety; however, the exhibit includes e-mail exchanges that are privileged attorney-client communications. Although some portions of ECF No. 375-1 are not privileged or confidential, the electronic docket does not easily permit partial disclosure of a document. In any event, ECF No. 375-1 consists of discovery materials, which arguably are not "judicial records" at all. *See Kinetic Concepts, Inc. v. Convatec, Inc.,* 2010 WL 1418312 at *7 (M.D.N.C. April 2, 2010). In *Kinetic Concepts,* the Court quoted an unpublished Fourth Circuit opinion in which the Fourth Circuit "joined other courts in '[h]olding that the mere filing of a document with a court does not render the document judicial.'" *Id.* (quoting *In re Policy Mgt. Sys. Corp.,* 67 F.3d 296, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995)).

Although the Fourth Circuit has not explicitly resolved the question of whether discovery motions and materials attached to discovery motions are judicial records, the Court has stated that the right of public access to judicial records attaches only when the records "play a role in the adjudicative process, or adjudicate substantive rights." *In re Application for an Order Pursuant to 18 U.S.C. Section 2703(D),* 707 F.3d 283, 290

(4th Cir. 2013). Thus, "[b]ecause discovery motions ... involve procedural rather than 'substantive' rights of the litigants, the reasoning of *In re Policy Management* supports the view that no public right of access applies [to discovery motions]." *Kinetic Concepts, Inc.,* 2010 WL 1418312, at *9; *see also In re Providence Journal Co., Inc.,* 293 F.3d 1, 9 (1st Cir. 2002); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312 (11th Cir. 2001); *United States v. El-Sayegh,* 131 F.3d 158, 163 (D.C.Cir. 1997); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 165 (3rd Cir. 1993). Moreover, the non-privileged portions of ECF No. 375-1 are available in the discovery materials maintained by the parties. Accordingly, the Court finds that sealing ECF No. 375-1 does not improperly or significantly prejudice the public's right to access court documents.

The Clerk is instructed to provide a copy of this Order to all counsel of record and any unrepresented parties.

**ENTERED**: September 3, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge